IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CR3051 |
| | ) | |
| v. | ) | |
| | ) | |
| MELVIN SMITH, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |
| | ) | |

    Defendant appeared before me on April 11, 2006 on a petition alleging violations of conditions of supervised release.  Defendant was advised of his rights and waived a preliminary hearing.  A revocation hearing was scheduled before Senior Judge Strom, and the defendant was released on the same conditions as previously ordered for his supervised release.  He was admonished by the court that any positive drug tests would result in his being arrested.  An amended petition was filed on April 25, 2006 alleging that he had violated his conditions of release by testing presumptive positive for cocaine on April 21, 2006.  A warrant was issued for his arrest.

    Defendant appeared before me again on May 2, 2006 on the added allegations made in the amended petition for action on conditions of supervised release, technically, the amendment alleging he violated the conditions of his pre-revocation hearing release.  The defendant was present with counsel, and was advised of his rights.  The defendant admitted the allegations in the petition pertaining to the incident on April 21, 2006, the only allegations concerning the time period following his release pending revocation hearing before Senior Judge Strom.  I therefore find that the allegations of *that paragraph* of the amended petition are true.

Regarding disposition, the government urged that the defendant should be detained.  Defendant proposed to undergo inpatient treatment and to be released to his friend's custody until such treatment is available.  I find that the defendant should be detained until further order.  I shall permit the defendant a furlough to the custody of his attorneys for a screening appointment at Omaha Campus For Hope.  Once it is known whether he has been accepted into a treatment program and how long the wait may be for actual admission, a proposal may be filed by defendant for release to third-party custody or otherwise in the interim.  Accordingly,

IT THEREFORE HEREBY IS ORDERED:

1.  The previous oral order releasing the defendant on conditions, pending his revocation hearing, is revoked, and the defendant shall be detained until further order of the court.

2.  The U.S. Marshal is directed to release the defendant to the custody of a representative of the Federal Public Defenders Office in time for him to timely arrive at his scheduled intake screening interview at Campus For Hope.  The representative shall return the defendant to custody as soon as the interview has been completed.

3. The probation officer shall obtain the results of the screening interview and the length of any applicable waiting period before defendant could be admitted to the Campus For Hope facility.  In addition, the officer shall investigate the possible placement of the defendant with the suggested third-party custodian, and report all of this information to the court and counsel.

4.  Defendant may propose conditions of release once the above-described information has been obtained.

DATED May 2, 2006

          BY THE COURT:

          s/ *David L. Piester*
          United States Magistrate Judge